IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES HARVEY PINER, #131751**                                      **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 3:13cv238-TSL-JMR**

**TIMOTHY OUTLAW**                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before this court on the Petition [1] for Writ of Habeas Corpus filed by Charles Harvey Piner [Piner], pursuant to 29 U.S.C. § 2254. A response to the petition was filed on behalf of the Defendant, Timothy Outlaw, on May 28, 2013, seeking to dismiss the petition. [7.] Also pending before the Court is Piner's Motion of Neggildara[1] [13] of habeas corpus. The Court, having been advised in the premises and having considered the entire record, including the lodged state court record, recommends that Piner's Petition for Writ of Habeas Corpus should be dismissed.

## STATEMENT OF THE CASE

Piner is challenging his conviction entered in Rankin County Circuit Court on July 12, 2006. [1, p. 1.] He was charged with three counts of sale of a controlled substance and one count of exploitation of a child. (*Id.*) Piner entered a guilty plea to the charges and was sentenced as follows:

> Cause No. 18,379 and 18,380 - Sale of Dilaudid - guilty plea entered on August 20, 2007, in the Circuit Court of Rankin County, and sentenced to serve terms of ten (10) years for each count with the sentences set to run concurrently.
>
> Cause No. 18, 712 - Sale, Transfer or Distibute [sic] Hydrocodone - guilty plea entered on January 29, 2008, in the Circuit Court of Rankin County, and sentenced to serve a term of ten (10) years with the sentence set to run concurrently with the sentences in Causes 18,379 and 18,380.
>
> Cause No. 21,408 - Exploitation of a Child - guilty plea entered on June 3, 2010,

---

[1] Neggildare is defined as "to claim kindred" in Black's Law Dictionary.

in the Circuit Court of Rankin County, and sentenced to serve a term of five (5) years with 348 days to serve and the remainder suspended, and four (4) years of supervised release.

All sentences were to be served in the custody of the Mississippi Department of Corrections [MDOC]. [7-1; 7-2; 7-3; 7-4.] On August 22, 2011, Piner's period of supervised release on the Child Exploitation charge was revoked and Piner was sentenced to serve two (2) years of the suspended sentence. [7-4.]

Piner's *pro se* petition for habeas corpus in this case[2] seeks the following relief:

Ground One: Miss. Code Ann. 99-17-1(2012)  99-17-1 [sic], Indictments to be tried within 270 days of arraignment; on causes #18379, #18380, #18712 and #21,408.

Ground Two: Statutory right to a speedy trial 99-17-1; Mississippi Code Annotated Section 99-17-1; "out of jurisdiction," "double jeopardy," "slander of my good name" "wrongful imprisonment: on top of being Harrassed! Why?

Ground Three: On "out of jurisdiction" I was aresstted [sic] on or about the 20 day of 2009 at 716 Hwy 80 East, Jackson, MS 39232 the Air-port Inn/Hotel. By Flowood City Police Department without assistance from Jackson City Police Department. That's "Out of Jurisdiction" LAW is LAW

Ground Four: The 270th day of the statutory constitutional right to a fast and speedy trial; Miss. Code Ann. 99-17-1 "out of jurisdiction" "double jeopardy" "slander" and "wrongful imprisonment" "sexual harassment" "violation of my constitutional rights."

[1, pp. 1-15.]

According to the Respondent, Piner's claims are time barred under 28 U.S.C. § 2244(d). [7, p. 4.] Unless one of the exceptions to § 2244(d)(1)(B-D) apply, the Anti-Terrorism and Effective Death Penalty Act [AEDPA] requires that a federal habeas petition be filed within one year of the date that a petitioner's judgment of conviction becomes final. *Cantu v. Johnson*, 162 F.3d 295 (5th Cir. 1998). The Respondent asserts that Cause Nos. 18,379 and 18,380 became

---

[2]Piner previously filed a petition under 42 U.S.C. § 1983 in *Piner v. Captain Eddie Thompson*, 3:10cv66-LRA-LRA which he asserted he was being denied good time credit. That petition was dismissed with prejudice.

final on September 19, 2007, thirty (30) days after Piner was sentenced on his guilty pleas. [7, p. 5; 7-1.] The court record in those cases shows that as of May 28, 2013, Piner had not filed a motion for PCR in the Rankin County Circuit Court. [7, p. 6.]

Piner was sentenced following his guilty plea in Cause No. 18,712 on January 29, 2008. [7-2, p. 2.] According to the Respondent, Piner's conviction on this charge became final on February 28, 2008. [7, p. 7.] His habeas petition was due March 2, 2009. (*Id*.)

Piner was sentenced in Cause No. 21,408 on June 3, 2010. [7-3.] The Respondent maintains that the habeas petition based on this charge was due on June 3, 2011. [7, p. 7.] This petition was filed April 24, 2013. [1, p. 1.]

## ANALYSIS

The AEDPA was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-5 (1998). The AEDPA, which became effective on April 24, 1996, instituted a time bar as follows, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner seeking federal habeas relief must file his federal petition within one year

3

from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009). The Supreme Court has held that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to [the Supreme Court] has been exhausted." *Jimenez,* 555 U.S. at 119 (internal quotation marks and citations omitted). "If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' " *Roberts,* 319 F.3d at 694 (quoting § 2244(d)(1)(A)). Therefore, this Court must determine when Piner's conviction became final. This analysis will provide the date by which the Petitioner must have filed his petition in order to satisfy the statute of limitations.

Piner contends that he filed a motion for post-conviction relief in a timely manner, because he filed his suit in 3:10cv66 within that time period. [8, p. 5.] Unfortunately for Piner, that suit was filed under 42 U.S.C. § 1983, which does not qualify as an appeal of this guilty pleas in state court. As such, the Court finds that Piner did not seek direct review of any of his guilty pleas. Accordingly, his judgments of conviction became final thirty days after he was sentenced on his guilty plea. *See* MISS. R. APP. P. 4(a) (stating that a defendant has thirty days to file a notice of appeal from the date of entry of the criminal judgment). The judgment in Cause Nos. 18,379 and 18,380 became final thirty days following the entry date of judgment of August 20, 2007, in which Piner was sentenced to a term of ten years imprisonment in the custody of the MDOC with a period of supervised release to begin during the last seven years of the sentence. [7-1] The judgment in Cause No. 18,712 became final thirty days following the entry date of judgment of

January 29, 2008, in which Piner was sentence to serve ten years in the custody of the Mississippi Department of Corrections, with his period of supervised release set to begin following a term of three years in prison. [7-2.] Piner was sentenced on June 3, 2010, to a term of five years imprisonment in the MDOC in Cause No. 21,408 with a period of supervised release set to begin after Piner served three hundred forty-eight days in prison. [7-3] Piner's period of supervised release was revoked and he was sentenced on August 22, 2011, to two years in the MDOC for failing to report during a period of supervised release. [7-4.]

The one-year statute limitations for AEDPA purposes began running in Causes Nos. 18,379 and 18,380 on September 19, 2007, when Piner is given the benefit of the exception to the statutory prohibition of direct appeals taken from guilty pleas which was in effect at the time of his pleas. *Roberts*, 319 F.3d at 694; *Burns v. State*, 344 So.2d 1189 (Miss. 1977). The one-year statute limitations for AEDPA purposes began running in Cause No. 18,712 on February 28, 2008.

The sentence imposed in Cause No. 21,408 became final on the date it was entered, June 3, 2010, pursuant to the amendment to the Mississippi Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-35-101. A federal habeas petition on any of these convictions would be due within one year after the sentences in each of the cases became final. *Mark v. Thaler,* 646 F.3d 191, 192 (5th Cir. 2011). This means that a habeas petition based on Cause Nos. 18,379 and 18,380 was due September 19, 2008. The habeas petition based on Cause No. 18, 712 was due February 28, 2009. A habeas petition based on Cause No. 21,408 was due on June 3, 2011.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Piner signed his habeas petition on April 5, 2013, making that date the earliest the Petitioner could have filed his petition. [1-15.] The petition was filed well past the

deadlines outlined above for a timely filed habeas petition. Accordingly, it is the recommendation of this Court that the Motion to Dismiss [7] be granted and the Petition [1] denied as time-barred pursuant to § 2244(d)(1).

The term "neggildare" does not encompass a cause of action, and the Court recommends that this nonexistent claim should be dismissed, and that Piner's Motion of Neggildara [13] of habeas corpus be denied.

Piner advances no "rare and exceptional" circumstances which would warrant equitable tolling of the statute of limitations, and cannot show that he was actively misled or prevented in some extraordinary way from timely filing his habeas petition. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999), *cert. denied* 529 U.S. 1099 (2000). There is no such evidence in this case. Accordingly, the Court finds that Piner's petition is time-barred by § 2244(d), and recommends that the motion to dismiss be granted and further recommends that the petition be dismissed with prejudice.

If the claims asserted in Piner's habeas petition were not time-barred, Piner would still be prevented from advancing them in a petition because Piner has not sought post-conviction relief in the Mississippi Supreme Court. The three year post-conviction statute of limitations has expired for Cause Nos. 18,379; 18, 380; 18,712 and are procedurally barred from federal habeas review. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). The Court, therefore, recommends that any habeas claims related to those convictions be dismissed, with prejudice.

Any claims related to Cause No. 21,408, the revocation of the suspended sentence charge, must be dismissed without prejudice as unexhausted. *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a federal

habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle,* 677 F.2d 427, 442-4 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied,* 501 U.S. 1235 (1991). The Court, therefore, recommends in the alternative that Piner's petition for writ of habeas corpus be dismissed without prejudice for failure to meet the exhaustion requirement in regard to his claim related to Cause No. 21,408.

## CONCLUSION

Based on the forgoing analysis, this Court recommends that the Respondent's motion to Dismiss [7] be granted and that Piner's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice as time-barred pursuant to § 2244(d)(1). The Court further recommends that Piner's Motion of Neggildara [13] of habeas corpus be denied. Should the claims be found to be not time-barred, the Court recommends in the alternative that Piner's petition for writ of habeas corpus be dismissed without prejudice for failure to meet the exhaustion requirement in regard to his claim related to Cause No. 21,408.

In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 5, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to

proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

 This the 22nd day of January, 2014.


          *s/ John M. Roper, Sr.*
         CHIEF UNITED STATES MAGISTRATE JUDGE